UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATHANIEL ANDERSON (#130547)

VERSUS                                      CIVIL ACTION

JAMES LEBLANC, ET AL                        NUMBER 13-541-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 30, 2013.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


NATHANIEL ANDERSON (#130547)

VERSUS                                        CIVIL ACTION

JAMES LEBLANC, ET AL                          NUMBER 13-541-BAJ-SCR


### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Warden Nathan B. Cain, Associate Warden Chad J. Menzina and Maj. Louis Stroud.  Plaintiff alleged that pursuant to a prison policy implemented in 2009, the hobby shop was closed for four months after contraband was discovered in the Walnut/Hickory hobby shop.  Plaintiff alleged that he was adversely affected by the closure of the hobby shop in violation of his constitutional rights.

### I. Applicable Law and Analysis

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

   Plaintiff alleged that he has hobby shop privileges. Plaintiff alleged that in 2009, several inmates, including prison trustees, tested positive for drugs.  Plaintiff alleged that as a result, on October 1, 2009, Warden Cain implemented a policy which provided that if any incident occurred in the hobby shop it would be closed for a four month period.

   Plaintiff alleged that in 2010 and 2011, the hobby shop was closed pursuant to the policy.  Plaintiff alleged that in spite of the temporary closure of the hobby shop, he and other inmates with hobby shop privileges were allowed to use the hobby shop to create items for the upcoming prison rodeo.

   Plaintiff alleged that in 2012, an inmate was found to be in possession of marijuana and was arrested.  Plaintiff alleged that the hobby shop was closed and inmates in other hobby shops were warned not to sell any items on behalf of any inmate assigned to the closed hobby shop at the April 2012 prison rodeo.

Plaintiff alleged that he has never tested positive for drugs and was not involved in any of the incidents which led to the closure of the hobby shop.  Plaintiff alleged that he should not have been made to suffer an economic loss because of another inmate's wrongdoing.

A prisoner has no constitutional right to vocational, educational and other programs.  *Alberti v. Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir. 1986).  State-created liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293 (1995).

The denial of access to the hobby shop did not amount to the deprivation of a liberty interest implicating the plaintiff's right to due process under the Fourteenth Amendment.

The Equal Protection Clause mandates similar treatment for those similarly situated.  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 442, 105 S.Ct. 3249, 3255 (1985); *Samaad v. City of Dallas*, 940 F.2d 925 (5th Cir. 1991).

To prove a cause of action under § 1983 based on a violation of equal protection, the plaintiff must demonstrate that the officials acted with a discriminatory purpose.  *Woods v. Edwards*, 51 F.3d 577 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800

3

(1996). Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group. *Id.* A violation of the equal protection clause occurs only when the governmental action in question classifies or distinguishes between two or more relevant persons or groups. *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988).

Plaintiff did not allege any facts that the decision by the defendants to close the hobby shop was because of his age, race, religion, sex, or national origin. Rather, the plaintiff consistently alleged that the hobby shop was only closed after one or more inmates were found to be in possession of drugs or committed some other rule violation. Plaintiff failed to even allege that the defendants acted with a discriminatory purpose.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous claim he could assert against these defendants consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, September 30, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE