UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATHANIEL ANDERSON (#130547)             CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                     NO.: 13-00541-BAJ-SCR

RULING AND ORDER

On October 1, 2013, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Nathaniel Anderson's action be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). (Doc. 10.) Plaintiff claims that his constitutional rights were violated when the prison hobby shop was closed as the result of policy implementation.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 10, at 1.) A review of the record indicates that Plaintiff filed a timely memorandum in opposition to the Magistrate Judge's Report and Recommendation on October 16, 2013. (Doc. 11.)

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.

In addition, the Court would like to further address Plaintiff's contention that "he, as a member of a particular class of inmates (those granted a privilege by policy) . . . acquired an interest in maintaining a financial incentive in the goods and services that hobby [ ] craft provides" and that "closing the hobby [ ] shop deprived him of access to his property." (Doc. 11, at 2.) Plaintiff directs the Court to an opinion of the United States Supreme Court, namely *Hudson v. Palmer*, 468 U.S. 517 (1984). He contends that the pertinent language states, "The Due Process and Takings Clauses of the Fifth and Fourteenth Amendments stand directly in opposition to state action intended to deprive people of their legally protected property interests. These constitutional protections against the deprivation of private property do not abate at the time of imprisonment." *Id.* at 539. (Doc. 11, at 2.)

This Court finds Plaintiff's argument to be unavailing. Granted, the Court acknowledges the constitutional protections afforded to prisoners and the law that supports them. However, Plaintiff has conducted a selective reading of *Hudson* and does not consider the case in its entirety. Indeed, the overwhelming circumstances in *Hudson* concerned Fourth Amendment search and seizure policies inside of an inmate's cell and whether there was an expectation of privacy in property therein, facts that are not analogous to the instant case. More significantly, however, the Supreme Court recognized that, while persons do not lose their constitutional rights upon

2

Case 3:13-cv-00541-BAJ-SCR   Document 12   12/04/13   Page 2 of 4

imprisonment, "imprisonment carries with it the circumscription or loss of many significant rights (citation omitted). These constraints on inmates, and in some cases the complete withdrawal of certain rights, are 'justified by the considerations underlying our penal system.'" *Id.* at 524. "The curtailment of certain rights is necessary, as a practical matter, to accommodate a myriad of 'institutional needs and objectives' of prison facilities (citation omitted), chief among which is internal security (citation omitted). Of course, these restrictions or retractions also serve, incidentally, as reminders that, under our system of justice, deterrence and retribution are factors in addition to correction." *Id.*

Plaintiff seems to suggest that, because he has not had any disciplinary reports, the policy implemented by the prison to close the hobby shop was an act of discrimination and in violation of his constitutional rights. However, Plaintiff has not shown exactly how the act was discriminatory, nor has he shown how the prison officials behind the policy acted with discriminatory intent against *this* Plaintiff in *this* circumstance. Closing a hobby shop at the prison, the use of which is based on a granted privilege and not a guaranteed right, does not raise the brow of suspicion before the Court, particularly if the discretionary act was taken as a security measure, which Plaintiff seems to suggest is the case. Thus, Plaintiff's allegations do not rise to the standard that is considered actionable as a constitutional violation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 10)** is **ADOPTED** as the Court's opinion herein.

IT IS FURTHER ORDERED that the above captioned matter is DISMISSED, without leave to amend, because there is no conceivable, non-frivolous federal claim Plaintiff Nathaniel Anderson could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, this 3rd day of December, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

4